ELLEN D. JONES in equity,

*vs.*

LORENZO A. BOWLER and WILLIAM STONE.

Penobscot. Opinion January 29, 1883.

*Mortgage. Foreclosure. R. S., c. 90, § 3.*

A mortgaged land to B and covenanted that the right of redeeming should be foreclosed in one year from the commencement of foreclosure. B undertook

to foreclose by the method provided in R. S., c. 90, § 3, article 2. The written consent of A was given and recorded. B's only entry upon the premises was before this consent was given and A had no notice of the entry. Subsequently B sent a lease of the premises to A signed by himself. A continued in possession but never signed the lease. After the lapse of a year from the time of giving the consent B conveyed the premises to C. A made a seasonable demand upon B and C to render a true account of the amount due upon the mortgage which they refused to do. Upon a bill in equity to redeem brought by A against B and C, *Held;*

1. That there must be an actual entry upon the mortgaged premises after consent in writing to avail the mortgagee, and that consent to enter is no proof of such entry.

2. That the sending the lease to A, and her taking it cannot be regarded as the entry of B, and hence A cannot be regarded as holding the possession for B.

3. That C stands in the position of his grantor B, as he had notice from the records that B acquired his title through a mortgage, and consequently took only the title which his grantor could convey.

4. That there has been no foreclosure, and that A is entitled to redeem.

BILL IN EQUITY.

Heard on bill, answers and proofs.

The case and material facts are stated in the opinion.

*Jasper Hutchings,* for the plaintiff.

*Davis and Bailey,* for the defendant, Bowler.

*Barker, Vose and Barker,* for the defendant, Stone.

APPLETON, C. J. This is a bill in equity to redeem two mortgages given by the complainant on her real estate, to secure the payment of two notes signed by her husband and herself. The first mortgage was dated May 27, 1876, and given to secure the payment of two notes, one for two hundred dollars in·six months, and the other for eight hundred dollars in two years,— both notes bearing interest at nine per cent. The second mortgage is dated May 22, 1877, and was given to secure a note of three hundred dollars, payable in six months with nine per cent interest. The husband was a party to each mortgage, but had no title to the mortgaged premises.

It is admitted that a demand was duly made by this complainant on the defendants to render a "true account of the sum due under the mortgage," &c. in accordance with the provisions of

R. S., c. 90, § 3, which they unreasonably refused or neglected to render.

Each of these mortgages contained the covenant that the right of redeeming the mortgaged premises should "be forever foreclosed in one year next after the commencement of foreclosure by any of the methods provided by law."

The method adopted was to foreclose by virtue of the second way as provided in R. S., c. 90, § 3, which is in these words : "He (the mortgagee,) may enter possession and hold the same by consent in writing of the mortgager or the person holding under him." It was determined in *Ireland* v. *Abbott*, 24 Maine, 155, that a mortgage could not be foreclosed except by pursuing one of the modes provided by statute for that purpose, and the entry of the mortgagee, to be effective, should be in conformity with its provisions.

The consent in writing of the complainant is in these words : "Know all men by these presents : that I, Ellen D. Jones, of Bangor, Penobscot county, the mortgager in a certain mortgage given by me to Lorenzo A. Bowler, of Bangor, Maine, dated May 27, 1876, and recorded in vol. 466, page 467, Penobscot registry, reference to be had.

"In consideration of the non-fulfillment of the conditions therein named, I do hereby consent that he *may enter* upon said premises and take possession thereof for the purpose of foreclosing said mortgage, and do hereby surrender unto him full possession of the premises described in said deed for said purpose.

"The premises described in said mortgage is a certain parcel of land with the buildings thereon, in said Bangor, it being my present homestead.

"In witness whereof, I have hereunto set my hand and seal, this 26th day of October, A. D. 1878.

[Witness.]                                      Ellen D. Jones."

The above was immediately entered of record in the registry of the county of Penobscot.

The consent to enter is no proof of an entry. The possession of the mortgagee is not proved by the consent of the mortgager that he may enter. The entry must be subsequent to the con-

sent given, and under it. *Chamberlain* v. *Gardiner*, 38 Maine, 551.

But there must be an actual entry to avail the mortgagee. The mortgagee must enter into possession of the mortgaged premises for condition broken. "If it was the intention of the parties to admit that an actual possession had been taken," observes SHEPLEY, J., in *Pease* v. *Benson*, 28 Maine, 353, "they could not cause a foreclosure in a manner not authorized by the statute. Could not substitute a fiction for the actual entry into possession required by the statute, and make it as effectual as the act required. . . . It is the actual entry into possession for condition broken, that may effect in due time a foreclosure, being made by the written consent of the mortgager or his assignee. The written consent is of no effect, but to make such entry lawful." The same view of the law was taken in *Storer* v. *Little*, 41 Maine, 69, the court holding that there could be no foreclosure of the right of redemption without an actual entry by the mortgagee into the mortgaged premises.

The evidence of Bowler fully proves that he made no actual entry into possession of the mortgaged premises under the consent given by the complainant. His account of his alleged entry is as follows: "I went up for the purpose of taking possession very near the time that the papers (referring to the written consent and lease,) were exchanged; it might have been a day or two before. When I drove there, it was a little before night, perhaps six o'clock or in that vicinity. When I went up to take possession, the house appeared to be closed. I drove into the dooryard and rapped on the door — rapped or rung the bell. I saw no one there. I saw Mr. Jones within a couple of days after. Very soon after I saw Jones, and the paper was executed to foreclose. · · I do not recollect that I had any talk with Mrs. Jones about the foreclosure."

This is the only entry ever made on the premises for the purpose of foreclosure — if made for that purpose. Neither the complainant nor her husband were ever informed of this supposed entry. It was made before any consent to enter, as required by the statute, had been given. It is utterly unavailing for the purpose of effecting a foreclosure.

All that the case shows is a consent by the mortgager that the mortgagee may enter on the mortgaged premises and that he never has entered under such consent. It is manifest there was no foreclosure under the statute and there could be no other.

The giving the lease as proved in the case, affords no evidence of any entry whatever. It was sent by Bowler, signed by himself, to the complainant, who never affixed her signature thereto. This was after the consent given. Bowler testifies that he never had any conversation with the complainant in regard to foreclosure. Now, whether the lease was signed or not, the sending the lease to the complainant and her taking it cannot be regarded as an entry. It is not pretended even that there ever was any entry except the one before the consent was given and that for the reasons given cannot be of any avail. The result is, there has been no foreclosure.

The defendant Stone acquired only the title of his grantor. True, the consent to enter was of record, but that afforded no proof that any entry had been made pursuant to its provisions. It could not do that, for none had been made. He was aware that the title of his grantor was by mortgage or he might have known it, had he examined the records. He stands in the position of his grantor.

As both defendants unreasonably refused or neglected to render a true account of the sum due on the mortgage, &c. as required by R. S., c. 90, § 13, the complainant is entitled to judgment for redemption and costs.

> *The bill is sustained. The complainant is entitled to redeem and to costs. A master is to be appointed to determine the amount due.*

WALTON, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.